UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Interstate Safety & Service Co., Inc., | ) | CASE NO.: 1:11CV1181 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| City of Cleveland, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court are Plaintiff's motion for injunctive relief, Plaintiff's motion for expedited discovery, and Defendant's motion to dismiss. All three motions are DENIED.

Plaintiff Interstate Safety & Service, Co., Inc. ("Interstate") filed this complaint on June 8, 2011. In its complaint, Interstate claims that Defendant City of Cleveland breached a contract and thereafter improperly debarred Interstate. Along with the filing of its complaint, Interstate sought injunctive relief (Doc. 2) and expedited discovery (Doc. 3). The City has since moved to dismiss this action (Doc. 10).

The motion to dismiss must be DENIED. The vast majority of the City's motion relies upon disputed facts. For example, the City relies upon its belief that Interstate improperly used S.B. Morabito as a subcontractor by failing to obtain the proper approval. However, the complaint alleges that S.B. Morabito, while used, was never used as a subcontractor. Moreover, the complaint alleges that this prior-approval requirement was routinely ignored by the City. As these appear as factual disputes, they cannot be resolved at the motion to dismiss stage.

Furthermore, as the City's arguments regarding debarment are dependent upon a finding that the contract with Interstate was properly terminated, the entire motion to dismiss is DENIED.

While the City's motion to dismiss is not well taken, the arguments therein support denial of Interstate's request for injunctive relief and expedited discovery.

When determining whether to issue a temporary restraining order or a preliminary injunction, this Court considers the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). This Court must balance the four factors while noting that none should be considered a prerequisite to the grant of injunctive relief. *See United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998).

The Court does not find a strong likelihood of success in the complaint filed by Interstate. The factual allegations in the complaint make it clear that Interstate was informed that S.B. Morabito was an unacceptable subcontractor. The fact that Interstate seeks in its complaint to label S.B. Morabito in some other capacity suggests that Interstate knew full well that its acts were in violation of the contractual agreement.

Interstate, however, asserts that even if it did breach the contract, its claim is still viable because the City did not allow a time to cure that breach as the contract required. The Court is not convinced at this stage of the litigation that a cure was available in this matter. To allow for a cure under these circumstances would effectively allow Interstate to wholly ignore the prohibition on using S.B. Morabito until the City discovered such a use. Interstate would then stop using S.B.

Morabito and claim "no harm, no foul."  Under the facts, it is unlikely that Interstate could "undo" the harm caused by its breach.  As such, the Court does not find a strong likelihood of success on Interstate's claim that the City breached by failing to offer a cure period.

Additionally, as the contract claim appears to rest on tenuous grounds, the due process claim regarding Interstate's debarment also loses strength.  As it is very unlikely that Interstate could prove a liberty interest if the City properly terminated the contract, the Court does not find a strong likelihood of success on the merits of this claim either.

The Court concedes that Interstate has alleged irreparable harm.  Interstate has asserted that its substantial amount of government work would be eliminated if the debarment remains in place and such a loss would place the company in danger of failing.  The Sixth Circuit has recognized this type of possible business failure as irreparable harm.

The final two prongs of the Court's analysis, harm to others and the public interest, overlap somewhat in this matter.  The Court does find harm to others.  If the Court were to enter injunctive relief, other bidders would be forced to continue to bid against Interstate.  From the filings before this Court, these companies would be bidding against a company that has in the past ignored the requirements placed upon it by the City.  The inescapable conclusion is that Interstate ignored these requirements for financial reasons.  Thus, continuing to allow Interstate to engage in the competitive bidding process would harm others.  Moreover, the Court finds that the public interest does not support injunctive relief.  The public has an interest in seeing that its tax dollars are utilized to hire companies that fully comply with the requirements put in place by the City.  As it does not appear that Interstate did so in this matter, the public interest weighs against injunctive relief.

Based upon the above, the motion to dismiss is DENIED.  Furthermore, the request for

injunctive relief is DENIED. With these matters denied, there is no need for expedited discovery. Accordingly, the motion for expedited discovery is DENIED.

A telephone conference is hereby scheduled in this matter for **November 29, 2011 at 2:30 p.m.** Counsel only need participate in the call. Plaintiff's counsel shall initiate the call to the Court at (330) 252-6070 with defense counsel on the line.

IT IS SO ORDERED.

November 18, 2011  /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE